**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| MECCA HENRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N20C-05-090 EMD |
| AARON'S LOGISTICS, et al., | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |
| | ) | |
| | ) | |
| TONY TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N20C-05-032 EMD |
| | ) | |
| AARON'S LOGISTICS, et al., | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO CONSOLIDATE**

Upon consideration of the Motions to Consolidate (the "Motion") filed by Plaintiffs Mecca Henry and Tony Tucker (collectively, "Plaintiffs"); the response to the Motion filed by Defendants Aaron's Logistics ("Aaron's") and Anthoni Lewinson (collectively, "Defendants"); the record before the Court; the Court having determined that a hearing on the Motion is not necessary, the Court will **GRANT** the Motion for the reasons set forth below.

The Motion seeks to consolidate two civil actions—(i) Mecca Henry v. Aaron's Logistics, et al., C.A. No. N20C-05-090 EMD and (ii) Tony Tucker v. Aaron's Logistics, et al., C.A. No. N20C-05-032 EMD. According to the Motion, the two civil actions arise

out of the same a motor vehicle collision purportedly caused by a tractor-trailer owned by Aaron's and driven by Mr. Lewinson.[1] The Motion contends consolidation is appropriate because the two civil actions involve common issues of law or fact.[2] Defendants oppose consolidation, arguing that the risk of undue prejudice to Defendants arising out of a consolidated trial outweighs considerations of convenience and judicial economy.[3]

Delaware Superior Court Civil Rule 42(a) allows a court to consolidate, in its discretion, "actions involving a common question of law or fact . . . and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."[4] Assessing a motion to consolidate requires a two-step analysis.[5] First, the Court will consider whether the cases present common questions of law, fact or both—*i.e*, "whether the two cases have central issues in common."[6] Second, "the Court must examine savings in time, effort and cost, in contrast to additional inconvenience, delay and expense if the motion is granted."[7] The Court should not grant a motion to consolidate if it would result in undue prejudice or jury confusion.[8]

The Court finds that the cases brought by Ms. Henry and Mr. Tucker present common questions of law and fact. The Motion provides that the two civil actions allege injuries caused to Plaintiffs by the same traffic accident "involve common questions of

---

[1] Corrected Mot. at ¶ 1.
[2] *Id*. at ¶ 10.
[3] Resp. at ¶ 6.
[4] DEL. SUPER. CIV. R. 42(A); *see also Earl D. Smith, Inc. v. Carter*, 2000 WL 972825, at *1 ("The decision to consolidate two civil actions is within the discretion of the trial court").
[5] *Lesh v. Appriva Medical, Inc.*, 2008 WL 1850629, at *1 (Del. Super. Apr. 17, 2008).
[6] *Id.*
[7] *Id.*
[8] *Ison v. E.I. DuPont De Nemours and Co.*, 2004 WL 2827934, at *2 (Del. Super. Apr. 27, 2004)

fact and law."[9] As such, Plaintiffs assert that they were injured by the same crash caused by the defendants' negligence and recklessness.[10]

The Court also finds that consolidation will likely save time and judicial resources. The Court notes that in cases where separate plaintiffs are suing the same defendant for damages caused by the same traffic incident "[t]here is little argument" that judicial economy would not be served by consolidation.[11] If not, the Court knows that "similar legal arguments will be made for each action if the motion is denied."[12] For example, motions in limine filed in one action would necessarily have to be filed in the other.

Finally, the Court finds that consolidation is unlikely to result in undue prejudice or jury confusion. Trial "separation may be beneficial in multiparty litigation where many plaintiffs are joined and an issue of liability is common to all of them but damages differ for each party."[13] "Other situations that may warrant separation are cases containing diverse claims, such as permissive counterclaims, which are unrelated to the principal cause of action."[14] Complex tort cases with particularly inflammatory injuries may also factor against consolidation.[15] Nonetheless, "a jury is not likely to suffer confusion by relatively simple multiple claims."[16]

---

[9] *Whaley v. Nationwide. Mut. Ins. Co.*, 2014 WL 637868, at *1 (Del. Super. Feb. 10, 2014).
[10] Corrected Mot. to Consolidate ¶¶ 1-2.
[11] *Whaley*, 2014 WL 637868, at *2 (Del. Super. Feb. 10, 2014).
[12] *Lesh*, 2008 WL 1850629, at *2 (Del. Super. Apr. 17, 2008).
[13] *Beebe Medical Center, Inc. v. Bailey*, 913 A.2d 543, 549 (Del. 2006).
[14] *Id.*
[15] *See Ison*, 2004 WL 2827934, at *3 (Del. Super. Apr. 27, 2004) (Factor against consolidation would be a novel tort involving complex science and deforming injuries to minor plaintiffs).
[16] *Freibott v. Miller*, 2009 WL 2031704, at *2 (Del. Super. Jul. 9, 2009); *see also Connelly v. Kingsland*, 2010 WL 2979049, at *2 (Del. Super. Jul. 30, 2010) (Finding "unpersuasive" the argument that a jury would be confused by a trial consolidating two motor vehicle accidents when both defendants are likely to blame each other for plaintiff's injury).

One traffic accident involving two plaintiffs is unlikely to cause jury confusion or prejudice. These cases do not present a situation involving a complex tort where "a jury might impose liability based solely upon exposure [to the alleged tort] and the number of injured" defendants.[17] Furthermore, the Court generally does not find consolidating motor vehicle claims arising from even multiple traffic incidents particularly controversial.[18] At present, the Court believes these to be straightforward tort claims involving a single incident, and that the Court will be able to deal with any individual issues through jury instructions and a special verdict sheet.

For these reasons, the Court will **GRANT** the Motion and consolidate C.A. No. N20C-05-090 EMD and C.A. No. N20C-05-032 EMD. If facts and circumstances change prior to trial, the Court will consider appropriate remedies like separate trials.

**IT IS SO ORDERED.**

Dated: December 10, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc: File&ServeXpress

---

[17] *Ison*, 2004 WL 2827934, at *3 (Del. Super. Apr. 27, 2004).
[18] *See e.g. Whaley*, 2014 WL 637868, at *2 (Del. Super. Feb. 10, 2014); *Connelly*, 2010 WL 2979049, at *2 (Del. Super. Jul 30, 2010); *Dove v. Demange*, 2008 WL 4152744, at *2 (Del. Super. Aug. 29, 2008).

4